IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARLON L. WATFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:15-cv-00567-MJR |
| | ) | |
| OFFICER ELLIS, | ) | |
| BRAD BRAMLET, | ) | |
| TONYA KNUST, | ) | |
| LACY REAM, | ) | |
| OFFICER WOOLEY, | ) | |
| OFFICER NEW, | ) | |
| SERGEANT RICHARDS, | ) | |
| RICHARD HARRINGTON, | ) | |
| JENNY CLENDENIN, | ) | |
| KIMBERLY BUTLER, | ) | |
| JOHN DOE 1, | ) | |
| JOHN DOE 2, and | ) | |
| JOHN R. BALDWIN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

   This matter is before the Court on Marlon L. Watford's second amended complaint filed pursuant to 42 U.S.C. § 1983. Watford is currently housed at the Stateville Northern Reception and Classification Center in Joliet, Illinois. The acts complained of occurred while he was imprisoned at Menard Correctional Center ("Menard"). Watford alleges violations of the Eighth Amendment, First Amendment, and Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq.* He seeks monetary and injunctive relief. (*See* Doc. 23.)

Watford originally filed his complaint on May 14, 2015. (Doc. 1.) On June 16, 2015, however, this Court dismissed the complaint with leave to file an amended complaint that complied with Rule 8 of the Federal Rules of Civil Procedure. (Doc. 5.) Watford's first amended complaint (Doc. 14), filed on October 5, 2015, also violated Rule 8, the Court having found that its repetitive legal conclusions and citations to the Quran, as well as its immense length, rendered it too unwieldy to review and give proper notice to defendants. (Doc. 15.) The Court granted Watford leave to file a second amended complaint, and also appointed attorney Lane Matthews to represent him during this threshold period. (*Id.*) On March 28, 2016, Watford timely filed his second amended complaint. (Doc. 23.)

This matter is now before the Court for a review of the second amended complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During the § 1915A review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune."

## Background

Watford's complaint concerns conditions at Menard which he alleges substantially burdened his practice of the Islamic faith. Watford informs the Court that, pursuant to his faith, "his body is a gift from his Lord to hold in trust during this life." (Doc. 23 at 2.) Accordingly, he is obligated to maintain cleanliness and "radiant looking skin, especially when he approaches his Lord in prayer." (*Id.*) Satisfaction of this religious tenant, however, was imperiled when Defendant Warden Richard Harrington ordered the commissary to cease selling baby powder,

cocoa nut hair grease, petroleum jelly, and "Ban" brand deodorant, pursuant to requests made by Defendant Correctional Officers Richards, New, and Wooley. (*Id.*) Without these products, Watford was unable to maintain cleanliness, in violation of his religious faith. (*Id.*)

Watford also claims that prison officials have substantially burdened his practice of the Islamic faith by financially oppressing him. (*See id.* at 3-6.) He claims that a tenant of the Islamic faith is the requirement that one remain free from financial oppression. (*Id.* at 4.) Defendant Harrington instituted several policies that Watford alleges financially oppressed him: the price of individual copies in the law library was increased from five cents to ten cents; prisoners were prohibited from spending more than $75 (later $100) in the commissary at any one visit; and prisoners in segregation for more than 30 days are now required to ship their personal items home. (*Id.* at 5.) In addition, Harrington financially oppressed Watford "by maintaining a $10 stipend even when the cost of copies was increased by 100%." (*Id.*)

Lastly, Watford's constitutional and statutory rights were violated when Defendant Correctional Officer Ellis prohibited Watford from using the law library bathroom. (*Id.* at 6-7.) Watford alleges that he suffers from irritable bowel syndrome and Helicobacter pylori (or H. pylori) and so is forced to use restroom facilities frequently. (*Id.* at 7.) Despite this fact, Ellis did not allow Watford to use the library restroom one day, and Defendant Correctional Officers Bramlet, Knust, and Ream, all present at the time, failed to intervene on his behalf. (*Id.*) Watford claims that the actions of defendants caused him to violate his religious obligation to maintain his body and keep it free from strains. (*Id.*)

As a result of the above-mentioned actions by the defendants Watford has developed and re-developed H. pylori, chronic stomach inflammation, and irritable bowel syndrome, among other injuries. (*See id.* at 3.)

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** Wooley, New, Richards, Harrington, and Butler violated the First Amendment, Eighth Amendment, and RLUIPA when they caused the commissary to cease selling baby powder, cocoa nut hair grease, petroleum jelly, and "Ban" brand deodorant.

**Count 2:** Bramlet, Knust, Clendin, Harrington, Butler, Baldwin, John Doe 1, and John Doe 2 violated the First Amendment, Eighth Amendment, and RLUIPA when a number of financially oppressive policies were instituted.

**Count 3:** Ellis, Bramlet, Knust, and Ream violated the First Amendment, Eighth Amendment, and RLUIPA when Watford was prohibited from using the bathroom in the law library.

Watford shall proceed with his claims under **Count 1** against Wooley, New, Richards, Harrington, and Butler. He shall also proceed with his claims under **Count 2** against Harrington, Butler, and Baldwin. As for the other defendants named in **Count 2**— Bramlet, Knust, Clendin, John Doe 1, and John Doe 2—Watford has not alleged that they actually violated his constitutional and statutory rights. Section 1983 creates a cause of action based on personal liability and predicated upon fault; therefore, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotation marks and citations omitted). Because Watford has not alleged that Bramlet, Knust, Clendin, John Doe 1, and John Doe 2 did anything personally to violate his constitutional or statutory rights, they shall be **dismissed without**

**prejudice**.

Because Ellis, Bramlet, Knust, and Ream—the only defendants listed under **Count 3**—are dismissed from **Count 2** (and not listed in **Count 1**), **Count 3** violates the rules of joinder. Federal Rule of Civil Procedure 20 permits multiple defendants to be joined in a single action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2)(A)–(B). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

Federal Rule of Civil Procedure 21 authorizes severance when multiple claims are "discrete and separate." *Rice v. Sunrise Express,* 209 F.3d 1008, 1016 (7th Cir. 2000); *see also George,* 507 F.3d at 607. This occurs when one or more claims are capable of resolution despite the outcome of the other claims. *Id.*; *see also Gaffney v. Riverboat Servs. of Indiana, Inc.,* 451 F.3d 424, 442 (7th Cir. 2006). In *George,* the Seventh Circuit opined that unrelated claims against separate defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *Id.* at 607.

Here, **Counts 1** and **2** both seek relief against Butler and Harrington and so do not violate Rule 20. However, **Count 3** does not share any defendants in common with **Counts 1** and **2** once Ellis, Bramlet, Knust, and Ream are dismissed from **Count 2**. Simply put, **Count 3** alleges a "different charge[] against different prison officials," *Kadamovas v. Stevens*, 706 F.3d 843, 846

(7th Cir. 2013), and so violates Rule 20. Therefore, consistent with the *George* decision and Rule 21, Watford shall be allowed to proceed with **Counts 1** and **2** in this action against Defendants Wooley, New, Richards, Harrington, Butler, and Baldwin. **Count 3** against Defendants Ellis, Bramlet, Knust, and Ream shall be severed into a separate case.

One last note is in order. While Watford will be permitted to pursue his RLUIPA claims, he shall only be able to do so to the extent that he seeks injunctive relief against Defendants Butler (Menard's warden) and Baldwin (Director of the Illinois Department of Corrections). RLUIPA applies to state and local governments and to those acting under color of state law. *See* 42 U.S.C. § 2000cc–5(4). It offers broad protection to institutionalized persons by prohibiting substantial burdens on their religious exercise. *Id.* § 2000cc–3(g). This protection extends to "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Id.* § 2000cc–5(7)(A). However, RLUIPA does not provide a cause of action for money damages against officials in their individual capacity, *see Nelson v. Miller,* 570 F.3d 868, 886–89 (7th Cir. 2009), or official capacity, *see Sossamon v. Texas,* 563 U.S. 277, 285-86 (2011). Therefore, Watford may not pursue a claim for money damages against any defendants under RLUIPA. Instead, the Court will allow him to proceed with a request for injunctive relief against Defendants Butler and Baldwin, whom he has already named in their official capacities for this purpose.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's **COUNT 3** is **SEVERED** into a new case. The new case presents the following claims, which are subject to preliminary review under 28 U.S.C. § 1915A:

**Defendants Ellis, Bramlet, Knust, and Ream violated the First Amendment, Eighth Amendment, and RLUIPA when Watford was prohibited from using the bathroom in the law library.**

In the new case, the Clerk is **DIRECTED** to file the following documents:

(1) This Memorandum and Order; and

(2) The Second Amended Complaint (Doc. 23)

(3) The Motion to Proceed IFP (Doc. 2) .

**IT IS HEREBY ORDERED** that attorney **LANE MATTHEWS** of Brown & Crouppen, P.C., St. Louis, Missouri, is **ASSIGNED** to represent Plaintiff Marlon L. Watford in this civil rights case (consisting of **Count 3**). On or before **June 24, 2016**, assigned counsel shall enter his/her appearance in this case. Attorney Lane Matthews is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

Plaintiff is **ADVISED** that the Court will not accept any filings from him individually while he is represented by counsel, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Plaintiff **will be responsible for an additional $350.00 filing fee** in this new case.

**IT IS FURTHER ORDERED** that <u>**the only claims remaining in this action are Counts 1 and 2 against Wooley, New, Richards, Harrington, Butler (in her official capacity), and Baldwin (in his official capacity)**</u>. This case shall now be captioned as: **Marlon L. Watford, Plaintiff vs. Officer Wooley, Officer New, Sergeant Richards, Richard Harrington, Kimberly Butler, and John R. Baldwin, Defendants.**

**IT IS FURTHER ORDERED** that **COUNT 1** shall **PROCEED** against **WOOLEY**, **NEW**, **RICHARDS**, **HARRINGTON**, and **BUTLER (in her official capacity)**.

**IT IS FURTHER ORDERED** that **COUNT 2** shall **PROCEED** against **HARRINGTON**, **BUTLER (in her official capacity)**, and **BALDWIN (in his official capacity)**. **BRAMLET**, **KNUST**, **CLENDIN**, **JOHN DOE 1**, and **JOHN DOE 2** are **TERMINATED** from *this* action.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **WOOLEY**, **NEW**, **RICHARDS**, **HARRINGTON**, **BUTLER**, and **BALDWIN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted in this action. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: May 25, 2016**

**s/ MICHAEL J. REAGAN**
**MICHAEL J. REAGAN**
**Chief Judge**
**United State District Court**
