IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARLON L. WATFORD, # R-15678, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 16-cv-582-NJR |
| | ) |
| OFFICER ELLIS, BRAD BRAMLET, | ) |
| TONYA KNUST, and LACY REAM, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This action is before the Court for case management. On May 25, 2016, following the Memorandum and Order entered in *Watford v. Wooley, et al.*, Case No. 15-cv-567-MJR-SCW (Doc. 1 in the instant case), this matter was severed from the original civil rights action brought pursuant to 42 U.S.C. § 1983. This case consists of the claim designated as Count 3 in the Second Amended Complaint (Doc. 2) and described in Doc. 1 as follows:

> **Count 3:** Ellis, Bramlet, Knust, and Ream violated the First Amendment, Eighth Amendment, and RLUIPA when Watford was prohibited from using the bathroom in the law library.

This incident occurred on or about August 23, 2013, while Plaintiff was confined at Menard Correctional Center ("Menard") (Doc. 2). Plaintiff was recently transferred to Stateville Correctional Center (Doc. 7).

The portion of the complaint supporting Count 3 is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The

Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that a portion of the claim in Count 3 survives threshold review under § 1915A.

## The Second Amended Complaint (Doc. 2)

Plaintiff claims that his constitutional and statutory rights were violated when Defendant Correctional Officer Ellis prohibited him from using the law library bathroom (Doc. 2, pp. 6-7). Plaintiff alleges that he suffers from irritable bowel syndrome and Helicobacter pylori (or H. pylori) and so is forced to use restroom facilities frequently (Doc. 2, p. 7). Despite this fact, Defendant Ellis did not allow Plaintiff to use the library restroom on August 23, 2013. Defendant Correctional Officers Bramlet, Knust, and Ream were all present at the time, but failed to intervene on Plaintiff's behalf. Plaintiff experienced pain and aggravation of his irritable bowel syndrome as a result of being unable to relieve himself. He filed a grievance, and at some point was told that he could use the restroom "as soon as it was safe by security standards to do so." (Doc. 2, p. 6).

Plaintiff is a member of the Al-Islam faith. According to Plaintiff, a tenet of that faith is the belief that Plaintiff's body is "a gift from his Lord to hold in trust during this life. He has a spiritual obligation to maintain his body and keep it free from strains." (Doc. 2, p. 7). Plaintiff claims that Defendants' actions which prevented his access to the restroom caused him to violate this religious obligation.

He seeks monetary damages for the violation of his rights (Doc. 2, p. 7).

## Merits Review Pursuant to 28 U.S.C. § 1915A

The claim that Defendants refused to allow Plaintiff to use the bathroom in the law library implicates three potential federal claims: alleged violations of the Eighth Amendment, the First Amendment, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a). Each of these shall be examined in turn.

*Eighth Amendment Claim*

This aspect of Count 3 raises the question of whether Defendants subjected Plaintiff to unconstitutional conditions of confinement by refusing to allow him to access the restroom while he was in the law library. Two elements are required in order to establish a violation of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element–establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842.

As to the objective element, the lack of access to toilet facilities for a relatively short period of time has been held not sufficiently serious to state a claim of constitutional dimension. *See, e.g., Clark v. Spey*, No. 01-C-9669, 2002 WL 31133198 at *2-3 (N.D. Ill. Sept. 26, 2002) (inmate held in cold cell with no toilet for several hours overnight failed to state a claim); *Ledbetter v. City of Topeka, Kansas*, 318 F.3d 1183, 1188 (10th Cir. 2003) (pretrial detainee held for five hours in cell lacking a toilet did not state claim for cruel and unusual punishment). The security needs of the prison may be balanced against an inmate's need for toilet access when evaluating a potential Eighth Amendment claim. *See, e.g., Decker v. Dunbar*, 633 F. Supp. 2d 317, 341-42 (E.D. Tex. 2008), *aff'd*, 358 F. App'x 509 (5th Cir. 2009); *cert. denied*, 131 S. Ct. 96 (2010); *reh'g denied*, No. 09-10655, 2011 WL 55866 (Jan. 10, 2011) (inmate urinated on himself after being denied access to restroom while prisoner count was completed; verification of count was a reasonable basis for delay and did not show deliberate indifference; inmate did not suffer any physical injury that was not *de minimis*). In light of these authorities, the single

occasion on which Plaintiff's access to the restroom was denied during his law library time did not present an excessive risk to his health, and thus did not implicate Eighth Amendment concerns.

Turning to the subjective factor, nowhere in the complaint does Plaintiff allege that Defendant Ellis knew that Plaintiff suffered from irritable bowel syndrome or H. pylori, or that these conditions might place Plaintiff at risk of harm or distress if he were denied access to the restroom for the period of time he was in the law library. Likewise, the complaint does not indicate that the other Defendants were aware of Plaintiff's condition or any risk of harm that he might face due to Defendant Ellis's actions. Absent this knowledge, it cannot be said that any Defendant showed deliberate indifference to Plaintiff's plight. The complaint thus fails to meet either the objective or the subjective element of an Eighth Amendment deliberate indifference claim. This portion of Count 3 shall be dismissed without prejudice.

*First Amendment Claim*

Pursuant to the First Amendment, it is well-established that "a prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir. 1990); *see Al-Alamin v. Gramley*, 926 F.2d 680, 686 and nn. 3-5 (7th Cir. 1991) (collecting cases). On the other hand, a prison regulation that impinges on an inmate's First Amendment rights is nevertheless valid "if it is reasonably related to legitimate penological interests." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Legitimate penological interests include the preservation of security in the prison, as well as economic concerns. *See O'Lone*, 482 U.S. at 348, 352-53; *Turner*, 482 U.S. at 90; *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009); *Al-Alamin*, 926 F.2d at 686. When these concerns

are raised as justification by prison officials for their actions that restrict the practice of religion, the Court looks at four factors to determine whether the restriction is constitutional:

> (1) whether the restriction "is rationally related to a legitimate and neutral governmental objective"; (2) "whether there are alternative means of exercising the right that remain open to the inmate"; (3) "what impact an accommodation of the asserted right will have on guards and other inmates"; and (4) "whether there are obvious alternatives to the [restriction] that show that it is an exaggerated response to [penological] concerns."

*Ortiz*, 561 F.3d at 669 (citing *Lindell v. Frank*, 377 F.3d 655, 657 (7th Cir. 2004)).

In the context of the claim in Count 3, Plaintiff implies that in order to adhere to his religious belief that his body must be kept "free from strains," he must be allowed to use the bathroom any time he feels the need. Given the necessary regulation of and restrictions on inmate movement from place to place within the prison, it seems inevitable that Plaintiff's religious need to avoid strain on his bowels would at some point conflict with institutional security concerns, if nature calls at a time when he is not in his own cell. It is not clear whether Defendant Ellis denied Plaintiff permission to access the law library bathroom because of the "security standards" mentioned in the complaint, or for some other reason. In any case, Plaintiff does not claim that this problem of bathroom access recurred at any other time–he describes only the single incident in the law library on August 23, 2013.

Plaintiff's complaint does not bring a distinct challenge to a particular prison regulation that may have infringed on his religious duty to keep his body free from strains. Construing the complaint liberally, it suggests that some security standard may have been in conflict with Plaintiff's ability to freely exercise his religious beliefs while in the law library. Further factual development will be necessary in order to evaluate the First Amendment portion of this claim–whether the prison had a restriction or regulation that led Defendants to deny bathroom access during law library time, and whether there was a valid penological reason for such a restriction.

Accordingly, the First Amendment portion of Count 3 shall receive further consideration.

*RLUIPA Claim*

The amended complaint fails to state a claim under RLUIPA upon which relief may be granted. As Plaintiff was advised in the order severing this claim (Doc. 1, which referred Counts 1 and 2 of the original action for further consideration), RLUIPA does not provide a cause of action for money damages against state officials in their individual capacity, *see Nelson v. Miller*, 570 F.3d 868, 886-89 (7th Cir. 2009), or official capacity, *see Sossamon v. Texas*, 563 U.S. 277, 285-86 (2011); 42 U.S.C. § 2000cc-5(4). Under RLUIPA, Plaintiff may seek injunctive relief only, and he was permitted to pursue such relief against the Menard Warden and IDOC Director in the original case. He may not pursue a claim for money damages against any Defendants pursuant to the RLUIPA.

In his amended complaint, Plaintiff specified that he is seeking money damages only in connection with the bathroom-access claim in Count 3 (Doc. 2, p. 7). He did not request injunctive relief. Based on the above authority and the complaint, the RLUIPA portion of Count 3 shall be dismissed without prejudice.

## Disposition

The Eighth Amendment and RLUIPA portions of Plaintiff's claim in this action (designated as **COUNT 3** in this case and in the original case, *Watford v. Wooley, et al.*, Case No. 15-cv-567-MJR-SCW) are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. Only the First Amendment portion of the claim in **COUNT 3** shall proceed in this case for further consideration.

The Clerk of Court shall prepare for Defendants **ELLIS, BRAMLET, KNUST,** and **REAM**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and

(2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 13, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**