IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARLON L. WATFORD, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:16-cv-582-NJR-DGW |
| OFFICER ELLIS, BRAD BRAMLETT, TONYA KNUST, and LACY REAM, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Marlon Watford, an inmate incarcerated at Menard Correctional Center, alleges his First Amendment rights were violated when he was denied access to a bathroom on August 23, 2013, causing him to violate a tenet of the Al-Islam faith that he "maintain his body and keep it free from strains" (Doc. 8). Watford's Second Amended Complaint also raised an Eighth Amendment claim based on the same facts; however, that claim was dismissed upon preliminary review of the complaint pursuant to 28 U.S.C. § 1915A (*Id.*). Defendants now seek summary judgment for failure to exhaust administrative remedies (Doc. 26). Watford filed a response on May 12, 2017 (Doc. 33). Because there are no material facts in dispute, a hearing on the matter is not required. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

It is undisputed that Watford submitted a grievance on August 23, 2013, complaining he was not allowed to use the bathroom while in the law library (Doc. 28-1,

p. 6-7). It is also undisputed that Watford exhausted this grievance by appealing it to the Administrative Review Board and receiving a response prior to filing suit (*Id.*, p. 1). Defendants' sole argument is that because Watford did not specify his First Amendment rights were being violated, but rather only referenced an Eighth Amendment claim, the grievance did not exhaust the single claim in this matter. And, since no other grievances were filed, Watford failed to exhaust his administrative remedies. Thus, Defendants argue, they are entitled to summary judgment.

## LEGAL STANDARD

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). As noted above, there is no material fact in dispute, and Defendants only argue that they are entitled to judgment as a matter of law.

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a

precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

In *Pavey*, the Seventh Circuit instructed district courts to conduct a hearing where "exhaustion is contested" to determine whether a plaintiff has exhausted his administrative remedies. *Pavey*, 544 F.3d at 742. If a plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a plaintiff has not exhausted, the Court may either allow plaintiff to exhaust or terminate the matter. Because the parties do not dispute that Watford exhausted his administrative remedies with regard to the relevant grievance, no hearing is required in this matter.

## DISCUSSION

The Illinois Administrative Code sets forth the requirements of a grievance and is determinative of whether an inmate has exhausted his administrative remedies. *Pozo*, 286 F.3d at 1025. The purpose of the grievance process is to alert officials to a problem so

action can be taken to remedy the problem. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (the function of a grievance is to alert officials so that they may provide corrective action); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) (the purpose of exhaustion is to allow officials an opportunity to address complaints internally). A grievance is not meant to provide notice to individuals of a future lawsuit. *Glick v. Walker*, 385 F. App'x. 579, 583 (7th Cir. 2010) (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)). Nor, as Defendants acknowledge, is a grievance meant to parrot a complaint filed in federal court. Both the Illinois Administrative Code and the grievance form provided to inmates instructs the inmate to set forth "what happened, when, where, and the name of each person who is the subject or who is otherwise involved in the complaint." ILL. ADMIN. COD. TIT. 20, § 504.810(a). Absent from the Code is any requirement that an inmate set forth a legal theory for his complaint.

In his grievance, Watford stated that on August 23, 2013, while he was in the law library, he was not permitted to use the bathroom by Defendant Ellis and that the refusal "equate[s] out to cruel and unusual punishment." The grievance was reviewed by his counselor, the grievance officer, and the Administrative Review Board, yet never rejected for being incomplete. While Watford alludes to the Eighth Amendment, such information was not necessary for Watford to properly grieve his claim. Defendants cannot expect an inmate to state information in a grievance that is not required by the Code, including legal theories. *See Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) ("[T]he grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming.").

In addition, because a grievance is not meant to notify an individual of a claim against him, Watford's grievance was sufficient to notify the prison that there was a problem with its bathroom procedures. *See id.* ("a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought"); *Jones*, 549 U.S. at 219 ("exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances"). This was sufficient to allow jail officials to investigate the claim, if they saw fit, and rectify the problem. Watford complied with Illinois' Administrative Code and set forth the what, when, where, and by whom requirements. Watford has exhausted his administrative remedies, and Defendants' Motion for Summary Judgment (Doc. 26) must be **DENIED**.

**IT IS SO ORDERED.**

**DATED:   June 20, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**