IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARLON WATFORD,<br><br>             Plaintiff,<br><br>v.<br><br>KELLIE ELLIS, BRAD BRAMLETT,<br>TONYA KNUST, and LACY REAMS,<br><br>             Defendants. | Case No. 3:16-CV-582-NJR-GCS |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Report and Recommendation of Magistrate Judge Gilbert C. Sison (Doc. 65), which recommends the undersigned grant the Motion for Summary Judgment filed by Defendants Kellie Ellis, Brad Bramlett, Tonya Knust, and Lacy Reams (Doc. 48).[1] Plaintiff Marlon Watford timely filed an objection to the Report and Recommendation (Doc. 66). For the reasons set forth below, the Court adopts the Report and Recommendation and grants Defendants' motion for summary judgment.

## BACKGROUND

Plaintiff Marlon Watford is an inmate confined in the Illinois Department of Corrections. Marlon is a member of the Al-Islam faith, a tenet of which is the belief that his body is "a gift from his Lord to hold in trust during this life." (Doc. 2 at p. 7; Doc. 49-1 at p. 19-25). Watford alleges in his amended complaint that he "has a spiritual obligation

---

[1] The Clerk of Court is **DIRECTED** to correct Defendants' names on the docket as follows: Kellie Ellis for Officer Ellis, Brad Bramlett for Brad Bramlet, and Lacy Reams for Lacy Ream.

to maintain his body and keep it free from strains." (*Id.*). At the same time, Watford has H. Pylori[2] and irritable bowel syndrome, resulting in a need to frequently use the bathroom (*Id.*).

On August 23, 2013, Watford had a call pass to attend the law library for an hour and a half (Doc. 49-1 at p. 21). Before going to the library, Watford and other inmates were placed in a bullpen area for about 45 minutes (*Id.*). Once the inmates arrived in the law library, they were given an assigned seat and were not allowed to get up (*Id.* at p. 23). Watford testified that inmates were not allowed to leave the law library to use the bathroom (*Id.* at pp. 24-25).

About 15 minutes after entering the law library, Watford felt the urge to use the bathroom and had a burning sensation in his side and kidney area (*Id.* at 29). He also had spasms in his bowels and pain in his stomach (*Id.*). Watford testified that he told Defendant Kellie Ellis that he needed to use the restroom, but she told him "no, you just got here." (*Id.* at p. 30). Defendants Brad Bramlett and Tonya Knust, assistant paralegals, also told him no (*Id.*). Watford then "just sat there and suffered" until he could return to his cell (*Id.* at pp. 32-33).

Defendant Ellis attested that prior to about May or June 2013, inmates could freely walk around the library and use the restroom without permission (Doc. 49-2). The policy changed, however, when inmates were found destroying and defacing law books and

---

[2] H. pylori is a bacterial stomach infection that can cause abdominal pain, nausea, loss of appetite, bloating, frequent burping, and unintentional weight loss. *See Helicobacter pylori (H. pylori) infection*, MAYO CLINIC, https://www.mayoclinic.org/diseases-conditions/h-pylori/symptoms-causes/syc-20356171 (last visited Sept. 11, 2019).

library equipment (*Id.*). Inmates could no longer use the bathroom because officers could not maintain sight of inmates using the restroom, creating a security issue (*Id.*). Inmates also had fought and committed assaults or security threat group violations on other inmates in the restroom (*Id.*). Accordingly, the administration at Menard deemed the bathroom in the law library closed until the area could be remodeled (*Id.*). She further attested that only one correctional officer was assigned to the library at a time and that she could not leave the law library to escort an inmate out of the building (*Id.*). Instead, if an inmate needed to use the restroom, she would call the school sergeant who would have an officer escort the inmate back to his cell house (*Id.*). She also attested that Watford never told her he had irritable bowel syndrome or that it was against his religion not to use the restroom immediately (*Id.*).

On May 14, 2015, Watford filed a lawsuit pursuant to 42 U.S.C. § 1983, and on May 25, 2016, the claim in this case was severed into its own matter (Doc. 1). After preliminary review of the amended complaint pursuant to 28 U.S.C. § 1915A, the Court permitted Watford to proceed on his claim that Defendants violated his First Amendment right to freely exercise his religious beliefs by denying him access to the bathroom while in the law library.

On April 16, 2018, Defendants filed a motion for summary judgment arguing Defendants lacked the requisite personal involvement to be held liable under § 1983 (Doc. 49). It was undisputed that Defendant Reams was not present in the law library on August 23, 2013. Furthermore, Defendants Bramlett and Knust were working as assistant paralegals, were not members of the security staff, and they had no discretion to allow

Watford to use the restroom or leave the law library. Finally, Defendant Ellis had no discretion to decide when an inmate could be taken back to their cell house to use the restroom. Defendants further argued that the prison regulation regarding the law library bathroom was reasonably related to a legitimate penological interest and that they were entitled to qualified immunity.

On August 28, 2019, Judge Sison entered the Report and Recommendation currently before the Court (Doc. 65). Judge Sison first found that summary judgment should be granted to Defendant Reams, as there is no dispute that she was not present in the law library on August 23, 2013, and there is no evidence of her personal involvement in any alleged constitutional violation.

Judge Sison next found that while the prison's restroom-use policy was implemented to promote security and inmate safety, there is a genuine issue of material fact as to whether Watford was provided with alternative means to exercise his religious beliefs, including that he remain free from physical strain. Specifically, Judge Sison noted that while Defendant Ellis attested that she would call the school sergeant to contact a correctional officer if an inmate needed to use the restroom, Watford testified that she did not follow that policy and instead told him he could not use the restroom. He also testified that he tried to ask Defendants Bramlett and Knust for permission to use the bathroom, but these Defendants deny being involved in any requests for restroom access.

Despite these disputed issues of material fact, Judge Sison found that Defendants were entitled to summary judgment under the doctrine of qualified immunity. Judge Sison found there is no evidence that Defendants knew denying Watford access to the

restroom would result in a strain on his body that would violate his religious beliefs. While Watford argues there is a clearly established constitutional requirement not to deprive inmates of their First Amendment rights to practice their religion, Judge Sison noted that there is no particularized, clearly established right that would allow a reasonable person to know, or even to suspect, that denying Watford access to the restroom during his time in the law library would violate such a right.

Watford objected to the Report and Recommendation on September 11, 2019 (Doc. 66). His objection is brief; he argues only that there is a clearly established constitutional requirement not to deprive inmates of their First Amendment rights to practice religion, which includes the ability to keep one's body free from strains pursuant to his religious beliefs. Because Defendants failed to provide an alternative, Watford asserts his ability to practice his religion was unreasonably burdened and qualified immunity is inappropriate.

## LEGAL STANDARDS

When timely objections are filed, the Court must undertake *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). This requires the Court to look at all evidence contained in the record, give fresh consideration to those issues to which specific objections have made, and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 CHARLES ALAN WRIGHT ET AL.,

FEDERAL PRACTICE AND PROCEDURE § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). If only a "partial objection is made, the district judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970).

In responding to a motion for summary judgment, the nonmoving party may not simply rest upon the allegations contained in the pleadings, but must present specific facts to show a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322–26; *Anderson*, 477 U.S. at 256–57. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact only exists if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, 477 U.S. at 252.

## DISCUSSION

Because Watford only objects to Judge Sison's conclusion regarding qualified immunity, the Court reviews only that portion of the Report and Recommendation *de novo*. Judge Sison found that while there is a clearly established First Amendment right to freely exercise one's religion, the right was not so particularized in this case such that existing precedent placed the constitutional question beyond debate. In other words, a reasonable person, under these circumstances, would not have known that denying Watford access to the restroom violated his right to freely exercise his religion.

In determining whether a defendant is entitled to qualified immunity, the Court must consider whether the official's conduct violated a constitutional right and whether the right in question was clearly established. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Saucier*, 533 U.S. at 201; *see also Miller v. Harbaugh*, 698 F.3d 956, 962 (7th Cir. 2012). With respect to whether the right was clearly established, the inquiry is specific to the circumstances of the case: "The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. The plaintiff has the burden of establishing that a constitutional right is clearly established. *Denius v. Dunlap*, 209 F.3d 944, 950 (7th Cir. 2000). While a plaintiff need not present a "case directly on point," he must show that "existing precedent must have placed the

statutory or constitutional question beyond debate. *Ashcroft v. al-Kidd*, 563 U.S. 335, 341 (1986); *Humphries v. Milwaukee Cty.*, 702 F.3d 1003, 1006 (7th Cir. 2012).

Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Estate of Escobedo v. Martin*, 702 F.3d 388, 404 (7th Cir. 2012) (quotation marks and citations omitted). "If officers of reasonable competence could disagree on this issue, immunity should be recognized." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Here, Watford has presented no factually similar case demonstrating that it was clearly established that refusing access to the restroom is a violation of an inmate's First Amendment right to freely exercise his religion—especially where there is no evidence that Defendants were aware of Watford's religious beliefs or his medical issues. The Court also was unable to find any case that would have informed Defendants that their actions were unlawful in these specific circumstances. Instead, the Court has found only cases holding similar actions were *not* a violation of the plaintiff inmate's rights. *See Bryan v. Capers*, No. CA 806CV-2515-GRA-BH, 2007 WL 2116452, at *7 (D.S.C. July 19, 2007), *aff'd*, 252 F. App'x 546 (4th Cir. 2007) ("[A] reasonable official in the defendants' positions would not have known that denying the plaintiff's . . . access to a bathroom during weekly congregational prayers violated clearly established law under . . . the First Amendment."). Accordingly, the Court finds that reasonable officials in Defendants' positions would not have known that failing to provide Watford access to a restroom violated clearly established law under the First Amendment. Defendants are, therefore, entitled to qualified immunity.

The Court has reviewed the remaining portions of Judge Sison's Report and Recommendation for clear error and finds none.

## CONCLUSION

For these reasons, the Court **ADOPTS** the Report and Recommendation of Judge Sison in its entirety (Doc. 65) and **GRANTS** the Motion for Summary Judgment filed by Defendants Kellie Ellis, Brad Bramlett, Tonya Knust, and Lacy Reams (Doc. 48). This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: September 16, 2019

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**