IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARLON WATFORD,**

    **Plaintiff,**

v.

**KELLIE ELLIS, BRAD BRAMLETT,
TONYA KNUST, and LACY REAMS,**

    **Defendants.**

Case No. 3:16-CV-582-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is Plaintiff Marlon Watford's Motion for Leave to Proceed on Appeal i*n Forma Pauperis* (Doc. 78). The undersigned granted summary judgment to Defendants on September 16, 2019 (Doc. 67), and entered judgment the following day (Doc. 70). Watford subsequently filed a Motion to Alter and Amend Judgment (Doc. 72), which was denied on January 13, 2020 (Doc. 75). Watford now seeks to appeal the Court's judgment without full prepayment of the appellate filing fee.

A federal court may permit a party to proceed *in forma pauperis* ("IFP") on appeal provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); FED. R. APP. P. 24(a)(3)(A); *see also Walker v. O'Brien*, 216 F.3d 626, 630-31 (7th Cir. 2009). An appeal is taken in good faith if it seeks review of an issue that is not clearly frivolous, meaning that a reasonable person could suppose it to have at least some legal merit. *Walker*, 216 F.3d at 632 (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). An

inmate who has accumulated three "strikes" under 28 U.S.C. § 1915(g), however, is prohibited from proceeding IFP in any future civil action or on any appeal unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Bryant v. Brin*, 621 F. App'x 859, 860 (7th Cir. 2015); *Reynolds v. United States*, No. 19-CV-01390-JPG, 2020 WL 128683, at *1 (S.D. Ill. Jan. 10, 2020). "Imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).

Here, Watford admits he has accumulated three strikes under 28 U.S.C. § 1915(g), meaning at least three of his federal lawsuits have been dismissed as frivolous or malicious, or because they failed to state a claim. *See Watford v. Manning*, No. 19-CV-3868 (N.D. Ill.) (Kendall, J.) (case dismissed with prejudice on July 17, 2019, for failure to state a claim and as duplicative and malicious); *Watford v. Doe*, No. 15-CV-9540 (N.D. Ill.) (Kendall, J.) (case dismissed with prejudice on October 11, 2017, for failure to state a claim and for failure to disclose litigation history); *Watford v. Quinn*, No. 14-CV-571 (S.D. Ill.) (Reagan, J.) (case dismissed with prejudice on August 5, 2014, for failure to comply with court order, failure to prosecute, and failure to state a claim).

Nevertheless, Watford argues he should be permitted to proceed IFP because he is in imminent danger of serious physical injury. Watford states that he is in imminent danger of not being provided with an alternate way to use the bathroom when he is in the law library, which will cause a strain on his body and cause him to soil himself. He also claims the mental distress over not discharging his religious duty to keep his body free of strains will aggravate his chronic stomach inflammation and IBS pain.

The Court finds these arguments frivolous. Watford alleges he was unable to use the restroom in the law library on one occasion in 2013. The Court declines to find that he is in imminent danger of serious physical injury based on an alleged event that occurred seven years ago. The Court further rejects Watford's allegation that his anxiety over not being able to use the restroom seven years ago is causing chronic stomach inflammation and IBS symptoms, such that he is in imminent danger. *See Ciarpaglini*, 352 F.3d at 331 ("Courts also deny leave to proceed IFP when a prisoner's claims of imminent danger are . . . ridiculous.").

For these reasons, Watford's Motion for Leave to Appeal *in Forma Pauperis* (Doc. 78) is **DENIED**. Watford shall tender the appellate filing and docketing fee of $505.00 to the Clerk of Court in this District within **30 days** of the date of entry of this order. Alternatively, he may reapply for leave to appeal IFP directly with United States Court of Appeals for the Seventh Circuit.

**IT IS SO ORDERED.**

DATED: February 11, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**